**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF CENTRAL CALIFORNIA**

| | |
|---|---|
| GROKFISH, LLC, an Arizona limited liability corporation, | ) Case No. CV 10-5722 GHK (CWx) |
| | ) |
| Plaintiff, | ) **PROTECTIVE ORDER** |
| | ) |
| v. | ) Hon. Carla M. Woehrle |
| | ) |
| GUARDIAN GLOBAL TECHNOLOGIES, INC., a California corporation, et al. | ) *Discovery Cut-off*: March 15, 2012 |
| | ) *Pre-trial Conference*: Not Set |
| | ) *Trial*: Not Set |
| | ) |
| Defendants. | ) |
| | ) |

WHEREAS, the parties believe that certain documents and other information which may be requested of them in discovery may contain trade secrets, highly

1

confidential financial information, and other highly confidential business information, the disclosure of which would harm them; and

WHEREAS, the parties have met and conferred over the scope of the protective order and have discussed the matter with the Court,

**IT IS HEREBY ORDERED THAT:**

1. The parties hereto may designate as "CONFIDENTIAL INFORMATION" (by marking or stamping thereon words to that effect) such of the documents as they or third parties may produce in this litigation which they in good faith believe to contain trade secrets, confidential financial information, or other confidential business information.

2. Unless and until the court rules otherwise or the producing party otherwise agrees in writing, access to or disclosure of such CONFIDENTIAL INFORMATION shall be limited to:

a. The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

b. Two designated representatives of Plaintiff, who are Gary L. Skiba and Robert A. Clague; provided that each signs an undertaking to be bound by the provisions of this protective order in the form attached hereto as Exhibit A.

c.     Two designated representatives of Defendants, who are Lee Knight and Mark Wilson; provided that each signs an undertaking to be bound by the provisions of this protective order in the form attached hereto as Exhibit A.

d.     The outside litigation counsel for the parties, and the employees and office support staff of such attorneys;

e.     Experts or consultants for the parties or under serious consideration for such employment (together with their stenographic and clerical personnel) whose advice and consultation are being or will be used by the parties in connection with this litigation, provided that such consultant or expert signs an undertaking to be bound by the provisions of this protective order in the form attached hereto as Exhibit A.

f.     Court reporters employed in connection with this litigation; and

g.     Deponents, during the course of a deposition, provided that the deponent is an employee or agent of the producing party, or that the deponent is an author, direct recipient or copy recipient of the document containing the CONFIDENTIAL INFORMATION or that the deponent already knows the particular CONFIDENTIAL INFORMATION.   The portions of depositions at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be transcribed separately and sealed.

3.     If a party's counsel desires to disclose CONFIDENTIAL INFORMATION to anyone other than the persons listed above (including, without limitation, nondesignated client representatives) said counsel shall first obtain from each such person a signed undertaking to be bound by this stipulated protective order, in the form attached hereto as Exhibit A, and shall serve a copy of the signed undertaking on counsel for the producing party at least ten (10) days before making any such disclosure.  If counsel for the producing party serves a written objection to such disclosure within said ten day period, there shall be no disclosure to such person except by further order of the Court pursuant to resolution of a motion brought by the party seeking to disclose the CONFIDENTIAL INFORMATION.  On any such motion, the party seeking disclosure shall bear the burden of showing why such disclosure is necessary to the preparation of that party's case, but the party resisting disclosure shall bear the burden of showing the need for confidentiality and that the undertaking to be bound is not adequate to protect the confidentiality of the CONFIDENTIAL INFORMATION.

4.     The acceptance by a party of the materials designated CONFIDENTIAL INFORMATION pursuant to this stipulation and order shall not constitute an admission or concession that, or permit an inference that, the CONFIDENTIAL INFORMATION is, in fact, confidential.  This Protective Order shall not preclude any

party from moving for an Order that any documents stamped CONFIDENTIAL INFORMATION are not, in fact, confidential.

5. CONFIDENTIAL INFORMATION produced hereunder may be used by the parties or any other permitted recipient only for purposes of this litigation. The restrictions on use of CONFIDENTIAL INFORMATION set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

6. After final termination of this action, counsel for both parties shall return all copies of CONFIDENTIAL INFORMATION provided hereunder to counsel for the producing party or shall destroy such CONFIDENTIAL INFORMATION and certify the destruction to counsel for the producing party.

7. The restrictions and obligations set forth herein relating to CONFIDENTIAL INFORMATION shall not apply to any information which the parties agree, or the Court rules, (a) was or becomes public knowledge other than as a result of disclosure by a person in violation of this protective order or (b) has come or shall come into a non-producing party's legitimate possession independently but not wrongfully. The restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL INFORMATION if the

1  parties agree or the Court rules that said person already had or obtained possession

2  thereof legitimately.

3

4  **DATE:  January 6, 2012**

5  _____

6  Carla M. Woehrle
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

**<u>Exhibit A</u>**

**AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER
ENTERED <u>IN GROKFISH, LLC v.</u>
<u>GUARDIAN GLOBAL TECHNOLOGIES, INC., ET AL.</u>
CASE NO. CV 10-5722 GHK (CWx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

The undersigned has read the foregoing Stipulated Protective Order (the "Protective Order") entered in the case of *GrokFish, LLC v. Guardian Global Technologies, Inc., et al.,* Case No. CV 10-5722 GHK (CWx), which is pending in the United States District Court for the Central District of California. I understand its contents, and hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the use of any document designated "Confidential" (as defined in the Protective Order), and any information contained therein. The undersigned agrees to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms and conditions of the Protective Order.

_____     _____
Date                                                                            Name

                                                                                        _____
                                                                                        Signature

                                                                                        _____
                                                                                        Company (if applicable)